## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NEAL EUGENE MCDONALD,                          *

      Plaintiff,                              *

v.                                              *

                           Civil Action No. GLR-14-2291

MARYLAND DEPARTMENT OF PUBLIC                   *
SAFETY & CORRECTIONAL SERVICES,
et al.,                                         *

      Defendants.                             *

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants', Maryland Department of Public Safety & Correctional Services, Officer More, Officer Price, Officer C. Reid, and J. Reich, Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.  (ECF No. 22). Having reviewed the Motion and supporting documents, the Court finds that a hearing is not necessary.  See Local Rule 105.6 (D.Md. 2014).  For the reasons that follow, Defendants' Motion, construed as a motion for summary judgment, shall be granted.

## I.      BACKGROUND

On July 8, 2014, at approximately 8:45 p.m., while confined at the Eastern Correctional Institution ("ECI"), McDonald notified a nurse and Reid that he was experiencing chest pain and was evaluated by the nurse.[1]  During the evaluation, McDonald notified Price, the officer in charge, that he was fear for life as the officers in his housing unit ignored his previous medical alerts.  McDonald is in constant fear for his safety and health because he has witnessed staff disregard inmates' needs for medical attention.  More was present during the foregoing events and took no action to remove him from his housing unit.

---

[1] It is disputed whether McDonald reported to Defendants any complaint of chest pain prior to 8:45 p.m.  McDonald alleges that at approximately 4:00 p.m. and 5:00 p.m. that day, he notified Reich of his chest pains, but Reich did not acknowledge his complaints.

The following day, McDonald complained that he fell from his bunk and the medical department evaluated him.  At that time, McDonald made no mention of the chest pain he suffered the preceding day.  Throughout the remainder of the year, McDonald repeatedly visited the medical department for various health concerns, including his chronic asthma and chest tightness.

On July 16, 2014, McDonald filed this action alleging a claim for a violation of his Eighth Amendment rights under 42 U.S.C. § 1983 (2012).  (ECF No. 1).  On August 7, 2014, McDonald filed an Amended Complaint.  (ECF No. 3).  On April 22, 2015, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.  (ECF No. 22).  On May 7, 2015, McDonald filed a Response to the Motion.  (ECF No. 24).

## II.     DISCUSSION

### a.  Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "When matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(d)).  Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).

In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in the non-moving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255

(1986) (citing <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158–59 (1970)).   Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.   <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–87 (1986).   "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact."   <u>Anderson</u>, 477 U.S. at 247–48.

A "material fact" is one that might affect the outcome of a party's case.   <u>Id.</u> at 248; <u>see</u> <u>JKC Holding Co. v. Wash. Sports Ventures, Inc.</u>, 264 F.3d 459, 465 (4th Cir. 2001) (citing <u>Hooven-Lewis v. Caldera</u>, 249 F.3d 259, 265 (4th Cir. 2001)).   Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."   <u>Anderson</u>, 477 U.S. at 248; <u>accord</u> <u>Hooven-Lewis</u>, 249 F.3d at 265.   Here, because the Court will consider matters outside of the pleading, the Motion to Dismiss will be construed as one for summary judgment.[2]

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,'" but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"   <u>Bouchat v. Balt. Ravens Football Club, Inc.</u>, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)).   The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility."

---

[2] "[N]o formal notice of conversion by the district court is required in cases where it is apparent that what is nominally a Rule 12(b)(6) motion to dismiss is subject to conversion to a summary judgment motion—for example, where the motion is captioned in the alternative as a motion for summary judgment and affidavits are attached to the motion."   <u>Carter v. Balt. Cty., Maryland</u>, 39 F.App'x 930, 933 (4th Cir. 2002) (per curiam).

Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644–45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  Bouchat, 346 F.3d at 526 (quoting Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993).

**b.  Analysis**

    **1.  Sovereign Immunity**

The Court finds McDonald's 42 U.S.C. § 1983 claim against the Maryland Department of Public Safety and Correctional Services ("DPSCS") is barred.  Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents.  See Penhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  While the State of Maryland has waived its sovereign immunity for certain actions brought in state courts, see Md.Code Ann., State Gov't § 12-104(a) (West 2015), it has not waived its immunity under the Eleventh Amendment to suit in federal court, see id. § 12-103(2).  DPSCS is a state agency, Md.Code Ann., Corr.Servs. § 2-101 (West 2015); Md.Code Ann., State Gov't § 8-201, and ECI is its prison.  Accordingly, McDonald's claim against DPSCS is barred by the Eleventh Amendment.  Thus, the Court will dismiss McDonald's claim against DPSCS.

    **2.  Correctional Defendants[3]**

    A.  Sovereign Immunity

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit

---

[3] The "Correctional Defendants" include Officer More, Officer Price, Officer C. Reid, and J. Reich.

against the State itself." <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (citing <u>Brandon v. Holt</u>, 469 U.S. 464, 471 (1985)).  Thus, McDonald's claims against the Correctional Defendants in their official capacities will be dismissed.

### B.  Exhausting Administrative Remedies

The Correctional Defendants argue McDonald failed to exhaust his administrative remedies regarding his claim for deliberate indifference.  The Prisoner Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e.  The PLRA's exhaustion provision requires inmates to pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  <u>Chase v. Peay</u>, 286 F.Supp.2d 523, 530 (D.Md. 2003), <u>aff'd</u>, 98 F.App'x 253 (4th Cir. 2004).  The Court may not consider a claim that has not been exhausted. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 219–20 (2007).

Administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner.  Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants.  <u>See</u> <u>Jones</u>, 549 U.S. at 215–16 (2007); <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.2d 674, 682 (4th Cir. 2005).  The Court notes the Correctional Defendants argue that McDonald failed to exhaust his administrative remedies, but did not provide any evidence to prove this defense.[4] Thus, the Correctional Defendants' invocation of failure to exhaust administrative remedies fails,

---

[4] Defendants' Motion states a declaration from an inmate grievance officer is attached as an exhibit to the Motion, but no such declaration is attached.

5

and McDonald's Eighth Amendment claim alleging deliberate indifference must be examined on the merits.

      C.  <u>Deliberate Indifference</u>

The Court will deny the Motion as to McDonald's claim for deliberate indifference.  The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  <u>Gregg v. Georgia</u>, 428 U.S. 153, 173 (1976). To state a constitutional claim for denial of medical care, however, a plaintiff must demonstrate deliberate indifference to a serious medical need.  <u>Johnson v. Quinones</u>, 145 F.3d 164, 167 (4th Cir. 1998) (citing <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992)); <u>Farmer v. Kavanagh</u>, 494 F.Supp.2d 345, 361 (D.Md. 2007).  Deliberate indifference is a high standard.  <u>Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999).

Deliberate indifference to a serious medical need requires proof that, objectively, the plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention, but failed to either provide it or ensure the needed care was available.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  Prison officials show deliberate indifference to a serious medical need by completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to adequate medical care.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976).

As to the objective component, a "serious medical need is one that . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Iko v. Shreve</u>, 535 F.3d 225, 241 (4th Cir. 2008) (quoting <u>Henderson v. Sheahan</u>, 196 F.3d 839, 846 (7th Cir. 1999)).  The subjective component requires "subjective recklessness" in the face of the serious medical condition.  <u>Farmer</u>, 511 U.S. at 839.  "True subjective recklessness requires knowledge

both of the general risk, and also that the conduct is inappropriate in light of that risk." Rich v. Bruce, 129 F.3d 336, 340 n.2 (4th Cir. 1997).   If the requisite subjective knowledge is established, however, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844.

"[Deliberate] indifference can be displayed, however, through the response of prison doctors and other institutional personnel to an inmate's medical needs, including ignoring an inmate's serious condition or delaying medically necessary treatment." Abraham v. McDonald, 493 F.App'x 465, 466 (4th Cir. 2012) (per curiam) (citing Estelle, 429 U.S. at 104, 105–06). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." Id. (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)).

Though McDonald alleges that at approximately 4:00 p.m. and 5:00 p.m. on July 8, 2014, he notified Reich of his chest pains and Reich ignored his complaints, the undisputed facts demonstrate that McDonald received medical treatment at 8:45 p.m. that same day for his chest pain.  The undisputed facts also show that McDonald suffered from asthma attacks up six times per week and complained of chest pain and tightness after the July 8, 2014 incident.  To defeat summary judgment, however, McDonald is obligated to establish that the alleged four-hour delay in receiving medical treatment exacerbated his injury or prolonged his pain. See Webb v. Hamidullah, 281 F.App'x 159, 167 (4th Cir. 2008) (per curiam);

McDonald may not rest upon the mere allegations in his Complaint; rather, he must "set forth specific facts showing that there is a genuine issue for trial." Bouchat, 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)); see also Fed.R.Civ.P. 56(c)(1) (requiring parties asserting a fact is genuinely disputed to support the assertion by citing to material in record,

including affidavits or declarations).  McDonald provides no evidence to support his factual allegations that the four-hour delay in receiving an evaluation exacerbated his injury or prolonged his pain.  McDonald also provides no evidence to support his allegations that he suffered any harm as a result of Defendants' actions.[5]

The Court, therefore, finds the undisputed facts do not support McDonald's deliberate indifference claim.  The Correctional Defendants are, thus, entitled to summary judgment in their favor.

### III.   CONCLUSION

For the aforementioned reasons, Defendants' Motion, construed as a Motion for Summary Judgment, (ECF No. 22) is GRANTED.  The Clerk is directed to CLOSE this case.  A separate Order follows.

Entered this 29th day of February, 2016

_____
George L. Russell, III
United States District Judge

---

[5] Similarly, McDonald has not presented any evidence sufficient to establish a genuine dispute regarding the subjective component—that the Correctional Defendants acted with a culpable state of mind.  There is no evidence that prison officials demonstrated obduracy or wantonness, rather than inadvertence or error in good faith.  See Wilson v. Seiter, 501 U.S. 294, 298–99 (1991).